**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| | § | |
| **DARREL T. USELTON** | § | **Case No. 17-34351** |
| | § | |
| Debtors. | § | **(Chapter 7)** |
| | § | |
| **ALLISON BYMAN, CHAPTER 7** | § | |
| **TRUSTEE** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | **ADVERSARY NO. 18-_____** |
| vs. | § | |
| | § | |
| **THE CAMILLE LIVING TRUST AND** | § | |
| **GULF ALTERNATIVE ENERGY CORP.** | § | |
| **f/k/a U.S. DEVELOPMENT CORP.** | § | |
| | § | |
| | § | |
| Defendant. | § | |

**COMPLAINT**

**To the Honorable Jeff Bohm**
**United States Bankruptcy Judge:**

Allison Byman, chapter 7 Trustee (the "Trustee" or "Plaintiff") for Darrel T. Uselton (the "Debtor"), files this Complaint and respectfully states as follows:

**Summary of Relief Requested**

1.     The Trustee seeks a determination of interests of certain real property owned in part by the Debtor.  In addition, the Trustee seeks an order for the sale of such real property free and clear of the interests of any co-owners under 11 U.S.C. § 363(h).

1

2. The Trustee also seeks an order from the Court determining the distribution of the proceeds from the sale of the real property.

### Jurisdiction and Venue

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (N) and (O).

4. Venue is appropriate in this District pursuant to 28 U.S.C. § 1409(a).

5. The Trustee consents to the entry of final orders by the Bankruptcy Court in this adversary proceeding. *See Stern v. Marshall*, 564 U.S. 2, 131 S. Ct. 2594, 2617, 180 L. Ed. 2d 475 (2011).

### Parties

6. Plaintiff, Allison Byman, is the Chapter 7 Trustee of the estate of Darrel T. Uselton.

7. Defendant, The Camille Living Trust (the "Living Trust") is Texas living trust that owns real property in the State of Texas.  The Living Trust may be served through its Trustees, Rowanne Camille Olson Uselton and Carrolyn Jean Edmonson Moebius, at 367 Fawn Road, Livingston, Texas 77351 by sending a copy of this Complaint and summons to them via first class United States mail in accordance with Federal Rule of Bankruptcy Procedure 7004.

8. Defendant, Gulf Alternative Energy Corp f/k/a U.S. Development Corp. ("USDC") is an Oklahoma corporation.  USDC may be served through its registered agent for service, Corporate Representation Services, L.L.C., 3033 NW 63rd St., Suite 200, Oklahoma City, OK 73116 by sending a copy of this Complaint and summons to them via first class United States mail in accordance with Federal Rule of Bankruptcy Procedure 7004.

2

**Factual Background**

**A.**      **The Debtor and His Ownership of the Hudspeth County Property**

9.      On July 17, 2017, the Debtor filed his voluntary chapter 7 bankruptcy petition.

10.      On his Schedule A/B: Property, the Debtor listed his ownership interest in 604.683 acres in Hudspeth County, Texas identified as Section 42, Block 71 TSP 7 T&P RR (the "Hudspeth County Property"). The Debtor's schedules stated that the Hudspeth County Property was owned 1/3 by the Debtor, 1/3 by Jack Uselton (the Debtor's uncle), and 1/3 by "U.S. Development." The Debtor claimed the value of the entire property was $48,375.00, which represented the value of the property in the Hudspeth County appraisal district records.

11.      The Trustee, through her counsel, has undertaken an effort to investigate the Debtor's interest in the Hudspeth County Property. The Trustee has determined that the Hudspeth County Property was purchased on or about January 13, 2006 from Sunset Anchor Properties pursuant to a Warranty Deed with Vendor's Lien (the "2006 Warranty Deed"). A copy of the 2006 Warranty Deed is attached as **Exhibit A**.

12.      The 2006 Warranty Deed states that the property was purchased by "DARREL USELTON, JACK USELTON, and US DEVELOPMENT CORP." The 2006 Warranty Deed does not state the ownership percentage of the three respective owners.

13.      The Debtor testified that that at the time the Hudspeth County Property was purchased, he believed it was to be owned 50-50 between he and his uncle, Jack Uselton. The Debtor allowed Jack Uselton to handle the purchase of the Hudspeth County Property. It was not until 2013 that the Debtor learned that Jack Uselton had actually included USDC on the 2006 Warranty Deed.

3

**B.**      **Jack Uselton and His Ownership of the Hudspeth County Property**

14.      Jack Uselton died on April 26, 2017.

15.      Prior to his death, on March 24, 2014, Jack Uselton transferred his interest in the Hudspeth County Property to the Living Trust pursuant to a Warranty Deed (the "2014 Warranty Deed").  A copy of the 2014 Warranty Deed is attached as **Exhibit B**.

16.      The Trustee has been in discussion with Ms. Rowanne Uselton and Ms. Carrolyn Moebius, the trustees of the Living Trust, and confirmed the Living Trust's ownership interest in the Hudspeth County Property.

**C.**      **USDC and Its Ownership of the Hudspeth County Property**

17.      In 2003, USDC was originally created as an Oklahoma corporation by the Debtor under the name Land Investors of America.  In 2004, the Debtor changed the name from Land Investors of America to U.S. Development Corp.  In 2006, the Debtor wrote a business plan for USDC to enter into the ethanol importation business and changed the company's name to Gulf Ethanol Corp. In 2006, the Debtor also caused USDC to become publicly listed on the Pink Sheets. In May 2007, the Debtor stepped down from any management role in USDC and J.T Cloud ("Cloud") was appointed as its chairman and CEO.  Cloud passed away on August 7, 2012.

18.      In 2009, USDC changed its name again, this time to Gulf Alternative Energy Corporation.  USDC originally traded on the Pink Sheets under the ticker symbol GFET, which was later changed to GAEC. On August 13, 2009, the Securities and Exchange Commission suspended trading of GAEC securities because of questions regarding the accuracy of statements made by Gulf Alternative Energy Corporation in press releases to investors and on its website concerning the quality of the company's technology and the company's business prospects and agreements.

19.     OTC Markets Group Inc. ("OTC Markets") discontinued the display of quotes on www.otcmarkets.com for the GAEC security because it has been labeled as *Caveat Emptor*. OTC Markets designates certain securities as *Caveat Emptor* and places a skull and crossbones icon next to the stock symbol to inform investors that there may be reason to exercise additional caution and perform thorough due diligence before making an investment decision in that security.

20.     According to OTC Markets, as of December 31, 2008, there were more than 50,000,000 shares of GAEC stock that were issued.

21.     The Oklahoma Tax Commission has suspended USDC's license to operate multiple times.  Most recently, the OTC suspended USDC's license on April 2, 2015 and it has not been reinstated.  Likewise, USDC's charter with the State of Texas was forfeited on May 21, 2010 and it has not been reinstated.

22.     In its financial disclosures, USDC never represented that it had any ownership interest in the Hudspeth County Property.  USDC did not pay any portion of the purchase price of the Hudspeth County Property and did not pay any of the property taxes.

23.     USDC is a defunct corporation with no officers, directors, or operations.

**D.      The Trustee and the Living Trust Desire to Sell the Hudspeth County Property**

24.     For the last several months, the Trustee in conjunction with the Living Trust has sought to sell the Hudspeth County Property.  The Trustee has located a neighboring landowner as a potential purchaser for the property and the Trustee will be filing a separate motion to sell the Hudspeth County Property.

25.     The Living Trust supports the sale of the Hudspeth County Property.

## Causes of Action

### A.    Sale of Property Under 11 U.S.C. § 363(h)

26.    Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

27.    The Trustee seeks to sell the estate's interest the Hudspeth County Property as well as the interest of any co-owner, including the Living Trust and USDC.  Pursuant to § 363(h), sale of the Hudspeth County Property is appropriate.

28.    Partition in kind of the Hudspeth County Property among the co-owners would be impracticable.  The Hudspeth County Property is essentially landlocked with more than two-thirds of the property being part of a mountain range with no roads or other methods of accessibility.

29.    The bankruptcy estate would realize significantly less from a sale of the estate's interest only, as opposed to a sale of the property free of the interests of the co-owners.  The proposed buyer of the Hudspeth County Property, as a condition to closing, specifically required the sellers to "acquire and deliver title to an undivided 100% interest in the Property, with no outstanding interest being held by any other person or entity".

30.    The benefit to the bankruptcy estate of a sale of the Hudspeth County Property free of the interests of co-owners outweighs the detriment, if any, to such co-owners.  In this instance, there is no detriment to the Living Trust because they support the proposed sale.  Nor is there any detriment to USDC as it is a defunct company that is no longer operating or in good standing.

31.    Lastly, the Hudspeth County Property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

32.     For these reasons, the Court should enter judgment ordering the sale of the Hudspeth County Property pursuant to 11 U.S.C. § 363(h).

**B.**     **Declaratory Judgment**

33.     Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

34.     There is a genuine and bona fide dispute and an actual controversy and disagreement between the Trustee/the Living Trust and USDC regarding whether USDC is a proper owner of the Hudspeth County Property or whether USDC should receive any distribution of the proceeds from the sale of the Hudspeth County Property.

35.     In its financial disclosures, USDC never represented that had any ownership interest in the Hudspeth County Property.  USDC did not pay any portion of the purchase price of the Hudspeth County Property and did not pay any of the property taxes.  USDC is a defunct corporation with no officers, directors, or operations.

36.     Pursuant to the Uniform Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2201, the Trustee requests that the Court declare that (i) USDC is not a co-owner of the Hudspeth County Property, and/or (ii) USDC is not entitled to any distribution of the net proceeds from the sale of the Hudspeth County Property, and/or (iii) the Debtor's bankruptcy estate and the Living Trust should evenly split the net proceeds from the sale of the Hudspeth County Property.

## PRAYER

Allison Byman, Chapter 7 Trustee of the Estate of Darrel T. Uselton respectfully requests that he receive the following relief:

a)     An order authoring the sale of the Hudspeth County Property including the interests

of any co-owners;

b)      An order declaring that USDC is not a co-owner of the Hudspeth County Property; and/or USDC is not entitled to any distribution of the net proceeds from the sale of the Hudspeth County Property; and/or that the proceeds from the Hudspeth County Property should be split 50-50 between the Debtor's bankruptcy estate and the Living Trust;

c)      An award for the costs of suit, including attorney's fees; and

d)      An award for such other and further relief as is appropriate under the circumstances.

**Dated: December 21, 2018.**

Respectfully submitted,

**McCLOSKEY ROBERSON, PLLC**

By:   /s/ Thomas A. Woolley, III
        Timothy M. McCloskey
        State Bar No. 13417650
        Thomas A. Woolley, III
        State Bar No. 24042193
        945 Heights Boulevard
        Houston, TX 77008
        713-868-5581
        713-868-1275 (fax)

**ATTORNEYS FOR PLAINTIFF**

8