UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **DARREL T. USELTON** | § | Case No. 17-34351 |
| | § | |
| Debtors. | § | (Chapter 7) |

### TRUSTEE'S MOTION FOR (i) APPROVAL OF SALE OF PROPERTY FREE AND CLEAR OF LIENS UNDER 11 U.S.C. §§ 363(F); AND (ii) ORDER AUTHORIZING PAYMENT OF CERTAIN DEBTS, CLOSING EXPENSES AND FEES

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**To the Honorable Jeff Bohm,
United States Bankruptcy Judge:**

Allison Byman, chapter 7 trustee (the "Trustee") for Darrel T. Uselton (the "Debtor"), files this motion for (i) approval of sale of property free and clear of liens under 11 U.S.C. § 363(f); and (ii) order authorizing the payment of certain debts, closing expenses and fees.

### Nature of the Motion

1. The Trustee seeks approval to sell a 604.683 acre tract of unimproved real property located in Hudspeth County, Texas (the "Hudspeth County Property") to Dennis Walker and Rebecca Dean-Walker (the "Purchaser") for $178,180.00 or $295/acre. The sale will

be made free and clear of all liens, claims, interests and encumbrances under 11 U.S.C. § 363(f) and on an as-is where is basis with no warranties or representations. The Trustee also requests authority to pay certain debts, closing fees and expenses from the sales proceeds.

2.    Recently, the Trustee also filed a Complaint pursuant to 11 U.S.C. § 363(h) seeking to sell the interest of any alleged co-owners in the Hudspeth County Property.

**Factual Background**

A.    **The Debtor and the Alleged Co-Owners of the Hudspeth County Property**

3.    On July 17, 2017, the Debtor filed his voluntary chapter 7 bankruptcy petition.

4.    The Trustee is the duly appointed and acting chapter 7 trustee in the case.

5.    On his Schedule A/B: Property, the Debtor listed his ownership interest in 604.683 acres in Hudspeth County, Texas identified as Section 42, Block 71 TSP 7 T&P RR (the "Hudspeth County Property"). The Debtor's schedules stated that the Hudspeth County Property was owned 1/3 by the Debtor, 1/3 by Jack Uselton (the Debtor's uncle), and 1/3 by "U.S. Development." The Debtor claimed the value of the entire property was $48,375.00, which represented the value of the property in the Hudspeth County appraisal district records.

6.    The Trustee, through her counsel, has undertaken an effort to investigate the Debtor's interest in the Hudspeth County Property. The Trustee has determined that the Hudspeth County Property was purchased on or about January 13, 2006 from Sunset Anchor Properties pursuant to a Warranty Deed with Vendor's Lien (the "2006 Warranty Deed"). A copy of the 2006 Warranty Deed is attached as **Exhibit A**.

7.    The 2006 Warranty Deed states that the property was purchased by "DARREL USELTON, JACK USELTON, and US DEVELOPMENT CORP." The 2006 Warranty Deed does not state the ownership percentage of the three respective owners.

8. The Debtor testified that at the time the Hudspeth County Property was purchased, he believed it was to be owned 50-50 between he and his uncle, Jack Uselton. The Debtor allowed Jack Uselton to handle the purchase of the Hudspeth County Property. It was not until 2013 that the Debtor learned that Jack Uselton had actually included USDC on the 2006 Warranty Deed.

9. Jack Uselton died on April 26, 2017.

10. Prior to his death, on March 24, 2014, Jack Uselton transferred his interest in the Hudspeth County Property to the Living Trust pursuant to a Warranty Deed (the "2014 Warranty Deed"). A copy of the 2014 Warranty Deed is attached as **Exhibit B**.

11. The Trustee has been in discussion with Ms. Rowanne Uselton and Ms. Carrolyn Moebius, the trustees of the Living Trust, and confirmed the Living Trust's ownership interest in the Hudspeth County Property.

12. On the other hand, U.S. Development Corp. is a defunct corporation with no officers, directors, or operations. It has never represented that it had any ownership interest in the Hudspeth County Property. It did not pay any portion of the purchase price of the Hudspeth County Property and did not pay any of the property taxes.

13. The Trustee has filed a Complaint against U.S. Development Corp. seeking a determination, among other things, that U.S. Development Corp. is not an owner of the Hudspeth County Property and/or that it is not entitled to any distribution of the net proceeds from the sale of the Hudspeth County Property.

B. **The Hudspeth County Property**

14. The Hudspeth County Property is located along the IH-10 corridor in central Hudspeth County just west of Sierra Blanca, Texas. It is rough, undeveloped land that includes several peaks of the northern portion of the Quitman Mountains. As shown in picture below, a

small portion of the Hudspeth County Property sits north of IH-10 which can be accessed from the frontage road.  The portion of the tract that is south of IH-10 has no access from the frontage road because it is near a Border Patrol checkpoint.  There is no other entrance to the southern portion of the Hudspeth Count Property and would require an easement from a neighboring land owner.



The Hudspeth County Property is outlined in the red and white striped box.

15. In an effort to understand the potential value and marketability of the property the Trustee's counsel had numerous discussions with James King, a real estate agent at King Land & Water, LLC in Fort Davis, Texas.  King Land & Water, LLC describes itself as one of the premier conservation and ranch real estate firms in Texas.  James King has 35 years of experience facilitating transactions of large unique properties across the state and he spent 19 years as Director of Land Protection for the Nature Conservancy in Texas.

16. Mr. King agreed to go look at the property and provide his recommendation to the Trustee with respect to disposition.  Mr. King visited the property in August 2018 and took numerous photos, including the two below:





17. Mr. King's view of the property is that it has some real challenges, but also great adventure for the right buyer. Mr. King believed that the size of the property may make it more difficult to sell because most real estate purchases for similar property in Hudspeth County were for larger than 600 acres. For this reason, Mr. King stated that the most likely buyer would be a neighboring land owner. With the assistance of Mr. King, the Trustee determined that Dennis and Rebecca Walker (the "Walkers") owned land directly to the north, west, and south of the Hudspeth County Property.

18. The Trustee's counsel contacted the Walkers and they expressed their interest in buying the Hudspeth County Property. The Trustee looked at several other recent sales of property in Hudspeth County, including on neighboring tract that the Walkers purchased in 2017 for approximately $300/acre. However, the tract purchased by the Walkers in 2017 included an access road and had several structures on the property, which made it more valuable.

19. After some negotiation, the Trustee and the Walkers agreed on a price of roughly $295/acre or the total amount of $178,180.00.

20. The Trustee also kept the Living Trust advised as to the status of the discussions with the Walkers and the Living Trust agreed to the sale price negotiated by the Trustee.

**C.     The Proposed Sale**

21. A copy of the proposed Real Estate Purchase Contract (the "Contract") is attached as **Exhibit C**. The key terms of the Contract are as follows:

- Purchase price of 100% of Hudspeth County Property is $178,180.00;
- Closing will occur at Lone Star Title in El Paso, Texas;
- Buyer shall pay for all fees and premiums associated with title insurance;
- Sale is conditioned upon Sellers' ability to acquire and deliver title to an undivided 100% interest in the Hudspeth County Property, with no outstanding interest being held by any other person or entity;
- Seller is not responsible for any closing costs;

22. Based on her experience and the advice received from Mr. King, the Trustee believes that the proposed sales price is a good price and the terms of the Contract are reasonable.

23. Moreover, the co-owner of the Hudspeth County Property, the Living Trust, supports the proposed sale to the Walkers.

**D.     The Deed of Trust and Distribution of Proceeds**

24.    According to the Trustee's research, the Hudspeth County Property was purchased by the Debtor and Jack Uselton by financing $40,000 of the purchase price. A Deed of Trust dated February 12, 2006 was recorded in the Hudspeth County real property records. According to testimony from the Debtor, the debt associated with the Deed of Trust has been paid in full. The Trustee is still working to verify payment and release of the Deed of Trust. Until the Deed of Trust can be released, the Trustee requests that an amount sufficient to satisfy the debt associated with the Deed of Trust be escrowed with the title company.

## Requested Relief and Authority

25.    The Trustee requests that the Court approve the sale of 100% of the Hudspeth County Property to the Walkers free and clear of all liens, claims, interests and encumbrances, pursuant to a special warranty deed with no representations or warranties. In evaluating such a sale, a court must balance the need for flexibility with the concern of affected creditors. *In re Terrace Gardens Park Partnership*, 96 B.R. 707, 715 (Bankr. W.D. Tex. 1989). The Court must also determine that creditors' lien rights are adequately protected and that the offered price is the highest price obtainable under the circumstances in the particular case. *Id.*; *In re Beker Indus. Corp.*, 63 B.R. 474, 477-78 (Bankr. S.D.N.Y. 1986). Under the circumstances, the Trustee believes that the price to be paid by the Walkers is a fair price and that a sale to the Walkers is in the best interest of the Estate and its creditors. Except for any unpaid *ad valorem* taxes and the Deed of Trust, the Trustee is not aware of any liens against the Hudspeth County Property.

26.    Further, the Trustee requests that the net proceeds from the sale be split 50-50 between the bankruptcy estate and the Living Trust, as co-owner of the Hudspeth County Property.

**Payment of Secured Debts, Closing Expenses and Fees**

27. The Trustee requests authority to escrow and, if required, pay certain closing expenses in connection with the sale. These expenses include (i) any outstanding *ad valorem* taxes due on the property, (ii) the debt associated with the Deed of Trust, and (iii) any miscellaneous expenses/charges incident to closing the sale. The Trustee requests that 50% of the net proceeds be distributed to the bankruptcy estate and 50% of the net proceeds be distributed to the Living Trust. All proceeds distributed to the bankruptcy estate will be held pending further Court order as required by the Bankruptcy Code.

Accordingly, the Trustee requests that the Court (i) approve the sale of the Hudspeth County Property free and clear of liens, claims, interests and encumbrances under 11 U.S.C. § 363(f) as set forth above; (ii) approve the payment of certain debts, fees and expenses as set forth above; (iii) authorize the Trustee to execute all documents necessary to effectuate the sale; and (iv) grant the Trustee other just relief.

**Dated: January 4, 2019.**

Respectfully submitted,

**McCLOSKEY ROBERSON, PLLC**

By: /s/ Thomas A. Woolley, III
  Timothy M. McCloskey
  State Bar No. 13417650
  Thomas A. Woolley, III
  State Bar No. 24042193
  945 Heights Boulevard
  Houston, TX 77008
  713-868-5581
  713-868-1275 (fax)

**ATTORNEYS FOR CHAPTER 7 TRUSTEE**

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing instrument was duly served by electronic transmission to all registered ECF users appearing in the case and by depositing the same in the United States Mail, first class, with proper postage affixed, to all parties listed below and on the attached Service List on the 4th day of January, 2019:

The Camille Living Trust
c/o its Trustees
Rowanne Camille Olson Uselton
Carrolyn Jean Edmonson Moebius
367 Fawn Road
Livingston, Texas  77351

Gulf Alternative Energy Corp f/k/a U.S. Development Corp.
c/o its registered agent for service
Corporate Representation Services, LLC
3033 NW 63rd Street, Suite 200
Oklahoma City, OK 73116

Dennis Walker and Rebecca Dean-Walker
c/o Gina Fields, Attorney
501 Executive Center Blvd
El Paso, TX  79902

Steve Raney
310 North Mesa, Suite 216
Hudspeth, Texas 79901

Steve Raney
1360 N Lee Trevino, Suite 107
El Paso, Texas 79936

Sunset Anchor Properties, LLC
c/o Jay Murray
PO Box 10899
Wilmington, NC  28404

Sunset Anchor Properties, LLC
c/o Jay Andrew Murray
909 Wild Dunes Circle
Wilmington, NC  28411

                                          /s/ Thomas A. Woolley, III
                                          Thomas A. Woolley, III