

ENTERED
01/30/2019

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DARREL T. USELTON | § | Case No. 17-34351 |
| | § | |
| Debtors. | § | (Chapter 7) |

## ORDER GRANTING MOTION TO SELL
(Docket No. 55)

The Court has considered the Trustee's Motion for (i) Approval of Sale of Property Free and Clear of Liens Under 11 U.S.C. § 363(f); and (ii) Order Authorizing the Payment of Certain Debts, Closing Expenses and Fees. The Court finds that (i) the proposed sale is in the best interest of the Estate and its creditors; (ii) adequate notice of the proposed sale and the hearing to consider the sale has been given to all creditors and parties-in-interest; and (iii) the property should be conveyed free and clear of all liens, claims and encumbrances pursuant to 11 U.S.C. § 363(f). Accordingly, it is

**ORDERED THAT:**

1. The Trustee's Motion For (i) Approval of Sale of Property Free and Clear of Liens Under 11 U.S.C. § 363(f); and (ii) Order Authorizing the Payment of Certain Debts, Closing Expenses and Fees is **GRANTED**. The Real Estate Purchase Contract attached to the Trustee's Motion is approved.

2. The Trustee is authorized to sell the following real property to Dennis and Rebecca Walker or their assigns (the "Purchaser") for a cash price of $178,180.00:

- Section 42, Block 71, Township 7, Texas and Pacific Railway Company Surveys, Hudspeth County, Texas, Save and Except portions thereof, described in Volume 28, Page 478 and Volume 88, Page 343, Real Property Records, Hudspeth County, Texas.

(the "Property").

3. The Trustee is authorized to escrow and, if required, pay certain closing expenses in connection with the sale. These expenses include (i) any outstanding ad valorem taxes due on the property, (ii) the debt associated with the Deed of Trust, and (iii) any miscellaneous expenses/charges incident to closing the sale.

4. The title company shall disburse 50% of the net proceeds to the Trustee on behalf of the Debtor's bankruptcy estate and 50% of the net proceeds to the Camille Living Trust. All proceeds distributed to the Trustee will be held pending further Court order as required by the Bankruptcy Code.

5. The sale of the Property to the Purchaser shall be made free and clear of all liens, claims, interests and encumbrances and with no representations or warranties. The Property shall be conveyed free and clear of all such liens, claims, interests and encumbrances regardless of whether such liens and claims are paid in full. All such liens, claims, interests and encumbrances shall continue in the net sales proceeds, if any.

6. Upon the consummation of the sale, all persons holding any lien, claim, interest or encumbrance against or in the debtors or the Property of any kind or nature whatsoever, including all taxing authorities, are forever barred, estopped, and permanently enjoined from asserting, prosecuting or otherwise pursuing such lien, claim, interest or encumbrance against the Purchaser or the Property.

7. The Trustee is authorized to execute all documents necessary to effectuate the sale, including but not limited to a special warranty deed conveying all right, title and interest in and to the Property to the Purchaser.

8. Upon the Trustee's or Purchaser's request, any and all holders of any liens or encumbrances filed of public record or arising by statute, including *ad valorem* tax liens, are hereby ordered to execute a release of such liens and encumbrances as, but only to the extent that, they affect the Property. If any person or entity that has filed financing statements, mortgages, mechanics liens, abstracts, *lis pendens* or other documents evidencing a lien, claim, interest or encumbrance in the Property shall not have delivered to the Trustee prior to the closing of the sale, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, or releases of all such liens, claims, interests or encumbrances, the filing or recording of a certified copy of this Order shall constitute conclusive evidence of the release of all liens, claims, interests or encumbrances in the Property.

9. The Court retains exclusive jurisdiction to interpret and enforce the provisions of this Order and the transactions contemplated herein.

SIGNED this **30th** day of **January**, 2019

_____
Jeff Bohm
U.S. Bankruptcy Judge